Joseph Arias, SBN 47399
James Brooks, SBN 256381
Arias & Lockwood
225 W. Hospitality Lane, Suite 314
San Bernardino, CA 92408
Phone: (909) 890-0125
Fax: (909) 890-0185
Email: joseph.arias@ariaslockwood.com
james.brooks@ariaslockwood.com

EXEMPT FROM FEES PER GOVT. CODE SEC. 6103

Attorneys for defendants City of San Bernardino and Officer Jonathan Plummer (erroneously sued as Officer Johnathan Plummer)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

ZAKYIA WATSON through her Guardian Ad Litem Crystal Christman, SHERMAN WATSON, Individually and as representative of the estate of SHAWN LAMOND WATSON, CATHERINE THOMSPON, Individually and as representative of SHAWN LAMOND WATSON

Plaintiffs

v.

CITY OF SAN BERNARDINO, OFFICER JONATHAN PLUMMER and DOES 1 TO 25,

Defendants.

CASE NO. ED CV 09 - 01846 VAP (DTBx)

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C § 1441(b) (FEDERAL QUESTION)**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendants City of San Bernardino and Officer Jonathan Plummer (erroneously sued as Officer Johnathan Plummer) (hereinafter collectively "Defendants") hereby remove to this Court the State Court action described below:

1. On July 8, 2009 an action was commenced in the Superior Court of the

State of California in and for the County of San Bernardino, entitled Zakyia Watson through her Guardian Ad Litem Crystal Christman, Sherman Watson, Individually and as representative of the estate of Shawn Lamond Watson, Catherine Thompson, Individually and as representative of Shawn Lamond Watson vs. City of San Bernardino, Officer Johnathan Plummer and Does 1 to 25, as Case Number CIVDS 908369. A copy of the complaint is attached hereto as Exhibit "A." A copy of the Answer to the Complaint is attached hereto as Exhibit "B."

2. The first date upon which Defendants received a copy of the complaint and summons is September 3, 2009 when Defendants were served via e-mail. A copy of the summons is attached hereto as Exhibit "C".

3. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332 and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b) in that it contains a civil rights claim pursuant to 42 U.S.C. § 1983 and the 4th Amendment to the U.S. Constitution.

DATED: September 24, 2009

Arias & Lockwood

Joseph Arias
James Brooks
Attorneys for Defendants City of San Bernardino and Officer Jonathan Plummer

# EXHIBIT A

CIV-010

ATTORNEY (Name, State Bar number, and address):
Dale K. Galipo, Esq., SBN 144047
Law Offices of Dale K. Galipo
21800 Burbank Blvd., Ste. 310
Woodland Hills, California

COPY

TELEPHONE NO.: (818) 347-333 FAX NO. (Optional): (818)347-4118
E-MAIL ADDRESS (Optional): dalekgalipo@yahoo.com
ATTORNEY FOR (Name): Zakyia Watson,through her GAL C. Chistman

FOR COURT USE ONLY

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
JUL 17 2008
BY Olivia McDonald
DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 303 West 3rd Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, California 92415
BRANCH NAME: Central court

PLAINTIFF/PETITIONER: Zakyia Watson through her Guardian Ad Litem Crystal Christman, et al.
DEFENDANT/RESPONDENT: City of San Bernardino, et al.

APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL
[ ] EX PARTE

CASE NUMBER: CIVSS 807970

*NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

By Fax

1. Applicant *(name)*: Crystal Christman is
   a. [X] the parent of *(name)*: Zakyia Watson
   b. [ ] the guardian of *(name)*:
   c. [ ] the conservator of *(name)*:
   d. [ ] a party to the suit.
   e. [ ] the minor to be represented *(if the minor is 14 years of age or older)*.
   f. [ ] another interested person *(specify capacity)*:

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number)*:
Crystal Christman
746 W. Mariposa Drive
Rialto, California 92376
(909) 877-5605

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number)*:
Zakyia Watson
746 W. Mariposa Drive
Rialto, California 92376
(909) 877-5605

4. The person to be represented is:
   a. [X] a minor *(date of birth)*: 3/29/05
   b. [ ] an incompetent person.
   c. [ ] a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. [X] the person named in item 3 has a cause or causes of action on which suit should be brought *(describe)*:
   Plaintiffs allege police misconduct, wrongful death, battery, false arrest and negligence was used against the decedent Shawn Lamond Watson.

[ ] Continued on Attachment 5a.

CIV-010

| PLAINTIFF/PETITIONER: Zakyia Watson, through her Guardian Ad Litem, Crystal Christman et al. DEFENDANT/RESPONDENT: City of San Bernardino, and DOES 1-25 | CASE NUMBER: |
|---|---|

5\. b. [ ] more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. [ ] the person named in item 3 has no guardian or conservator of his or her estate.

d. [X] the appointment of a guardian ad litem is necessary for the following reasons (*specify*):
Zakyia Watson is a minor and thus incompetent to proceed on her own and protect her interest.

[ ] Continued on Attachment 5d.

6\. The proposed guardian ad litem's relationship to the person he or she will be representing is:

a. [X] related (*state relationship*): Mother

b. [ ] not related (*specify capacity*):

7\. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (*If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed*):

[ ] Continued on Attachment 7.

Dale K. Galipo
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 3, 2008

Crystal Christman
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF APPLICANT)

**CONSENT TO ACT AS GUARDIAN AD LITEM**

I consent to the appointment as guardian ad litem under the above petition.

Date: June 3, 2008

Crystal Christman
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

**ORDER [X] EX PARTE**

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (*name*): Crystal Christman
is hereby appointed as the guardian ad litem for (*name*): Zakyia Watson
for the reasons set forth in item 5 of the application.

Date: 7-17-08

JUDICIAL OFFICER
W. ROBERT FAWKE

[ ] SIGNATURE FOLLOWS LAST ATTACHMENT

COPY

PLD-PI-001

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Dale K. Galipo, Esq., SBN 144047
Law Offices of Dale K. Galipo
21800 Burbank Blvd., Ste. 310
Woodland Hills, California 91367

TELEPHONE NO: (818) 347-333 FAX NO. (Optional): (818) 347-4118
E-MAIL ADDRESS (Optional): dalekgalipo@yahoo.com
ATTORNEY FOR (Name): Zakyia Watson, through her GAL, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 303 West 3rd Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, California 92415
BRANCH NAME: Central Court

FOR COURT USE ONLY

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
JUN 1 0 2009
By [signature] Deputy

PLAINTIFF: Zakyia Watson, through her Guardian Ad Litem Crystal Christman, Sherman Watson, Individually and as representative of the estate of Shawn Lamond Watson, Catherine Thompson, Individually and as representative of Shawn Lamond Watson

DEFENDANT: City of San Bernardino, Officer Jonathan Plummer and

X DOES 1 TO 25

COMPLAINT—Personal Injury, Property Damage, Wrongful Death

AMENDED (Number):

Type (check all that apply):

MOTOR VEHICLE OTHER (specify):
Property Damage Wrongful Death
Personal Injury X Other Damages (specify): Negligence, Civil Rights Violations, Wrongful Death, Battery

Jurisdiction (check all that apply):

ACTION IS A LIMITED CIVIL CASE
Amount demanded does not exceed $10,000
exceeds $10,000, but does not exceed $25,000
X ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
ACTION IS RECLASSIFIED by this amended complaint
from limited to unlimited
from unlimited to limited

CASE NUMBER: CIVDS 908369

By Fax

1. Plaintiff (name or names): Zakyia Watson, through her Guardian Ad Litem, Crystal Christan, et al.

alleges causes of action against defendant (name or names): City of San Bernardino, and DOES 1-25

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult
   a. X except plaintiff (name): Zakyia Watson
      (1) a corporation qualified to do business in California
      (2) an unincorporated entity (describe):
      (3) a public entity (describe):
      (4) X a minor an adult
         (a) X for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) other (specify):
      (5) other (specify):

   b. except plaintiff (name):
      (1) a corporation qualified to do business in California
      (2) an unincorporated entity (describe):
      (3) a public entity (describe):
      (4) a minor an adult
         (a) for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) other (specify):
      (5) other (specify):

Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

## Accommodations For Persons With Disabilities Using Court Facilities

The Americans with Disabilities Act (ADA) and State law require all state and local governmental entities, including the courts, to provide reasonable accommodations for the needs of persons with disabilities. The ADA benefits people who have an interest in court activities, programs and services. In 1996 the Judicial Council of California, the policy-making body for the courts, adopted California Rules of Court, rule 1.100 (former rule 989.3) to implement the ADA in the state court system.

Under the ADA, State laws, and the court rule, a person is entitled to an accommodation if he or she is an "eligible person with a disability." This means the person has a physical or mental impairment that limits one or more major life activities, has a record of such impairment, or is regarded as having such impairment.

It is the individual's responsibility to contact the court to request accommodations that would best suit his or her situation. The individual may request an accommodation by completing the *Request for Accommodations by Persons with Disabilities* (Judicial Council Form MC-410) or by other means, and provide the request to court staff. If the individual is involved in more than one case, they must submit a separate request (MC-410 form) for each case. The individual should give the court at least five working days notice whenever possible. The court may grant, modify or deny the request. The information presented will be kept confidential unless ordered released by a judicial officer, or a written waiver of confidentiality is received from the requestor.

The court will evaluate all requests to make reasonable modifications to its policies, practices, and procedures when these modifications are necessary to avoid discriminating against a person because of a disability.

Service animals are permitted in court facilities. The ADA defines a service animal as any guide dog, signal dog, or other animal individually trained to provide assistance to an individual with a disability. Service animals may go to all areas of the court where customers are normally allowed.

For instructions, forms, and additional information, please use the links on the right side of this page.

For free tools that allow persons with visual disabilities to read documents in Adobe Acrobat PDF format, please visit http://www.adobe.com/enterprise/accessibility/main.html. These tools convert PDF documents into either HTML or ASCII text that can then be read by many screen-reading programs.

For further information:

**Jurors:** Please contact the Jury Services Office at (909) 387-6244.

**Others:** Please contact the court's ADA Coordinator at ada.coordinator@courts.sbcounty.ca.gov.

**Court employees:** To request accommodation for yourself, please contact your supervisor or the Court's Personnel Department. For information on assisting court customers with ADA issues, refer to the Court's Intranet

If you should have any questions or concerns regarding Americans with Disabilities, please contact Sharon Prentiss, Director of Court Administrative Services at (909) 382-3504

Request for Accommodation Instruction Sheet
Non Fillable Form and Rule of Court 1

Request for Accommodation Form
Fillable Version (MC-410)

**Q&A on Rule of Court 1.100**
Access and Fairness Advisory Flyer http://www.courtinfo.ca.gov/programs/access/documents/accfair.pdf

For Additional Information about Accessibility at the California Courts:
http://www.courtinfo.ca.gov/programs/access/accessibility.htm
http://www.courtinfo.ca.gov/selfhelp/family/speced/specedlinks.htm

4. [ ] Plaintiff *(name)*:
is doing business under the fictitious name *(specify)*:

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. [X] except defendant *(name)*: City of San Bernardino
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe)*:
(4) [X] a public entity *(describe)*:
(5) [ ] other *(specify)*:

b. [ ] except defendant *(name)*:
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe)*:
(4) [ ] a public entity *(describe)*:
(5) [ ] other *(specify)*:

c. [ ] except defendant *(name)*:
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe)*:
(4) [ ] a public entity *(describe)*:
(5) [ ] other *(specify)*:

d. [ ] except defendant *(name)*:
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe)*:
(4) [ ] a public entity *(describe)*:
(5) [ ] other *(specify)*:

[ ] Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
a. [X] Doe defendants *(specify Doe numbers)*: 1-15 were the agents or employees of other named defendants and acted within the scope of that agency or employment.
b. [X] Doe defendants *(specify Doe numbers)*: 16-25 are persons whose capacities are unknown to plaintiff.

7. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because
a. [X] at least one defendant now resides in its jurisdictional area.
b. [X] the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
c. [X] injury to person or damage to personal property occurred in its jurisdictional area.
d. [ ] other *(specify)*:

9. [X] Plaintiff is required to comply with a claims statute, and
a. [X] has complied with applicable claims statutes, or
b. [ ] is excused from complying because *(specify)*:

| SHORT TITLE: Watson v. City of San Bernardino, et al. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. [ ] Motor Vehicle
   b. [X] General Negligence
   c. [X] Intentional Tort
   d. [ ] Products Liability
   e. [ ] Premises Liability
   f. [X] Other *(specify)*: Civil Rights Violations, Wrongful Death, Battery

11. Plaintiff has suffered
   a. [X] wage loss
   b. [ ] loss of use of property
   c. [X] hospital and medical expenses
   d. [X] general damage
   e. [ ] property damage
   f. [X] loss of earning capacity
   g. [X] other damage *(specify)*: Plaintiffs are claiming wrongful death damages and survival damages including loss of financial support, and funeral and burial expenses, punitive damages, attorney's fees

12. [X] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. [ ] listed in Attachment 12.
   b. [X] as follows:
   Zakyia Watson - Daughter of the Decedent
   Sherman Watson - Father of the Decedent (Representative of the Estate)
   Catherine Thompson - Mother of the Decedent (Representative of the Estate)

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) [X] compensatory damages
   (2) [X] punitive damages (Against involved officers only)
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
   (1) [X] according to proof
   (2) [ ] in the amount of: $

15. [ ] The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: May 30, 2009

Dale K. Galipo, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001(3)

| SHORT TITLE: Watson v. City of San Bernardino, et al. | CASE NUMBER |
|---|---|

First CAUSE OF ACTION—Intentional Tort Page 4
(number)

ATTACHMENT TO [X] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT- 1. Plaintiff *(name)*: Zakyia Watson, through her Guardian Ad Litem, Crystal Christan,et al.

alleges that defendant *(name)*: City of San Bernardino, Officer Jonathan Plummer and

X Does 1 to 25

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff

on *(date)*: June 10, 2007

at *(place)*: 1422 E. 9th Street, San Bernardino, California 92405

*(description of reasons for liability)*:

Officer Jonathan Plummer committed battery on the decedent by intentionally doing acts which resulted in harmful contact with the decedent which the decedent did not consent to. The excessive and unreasonable force used by the involved police officers was without justification and amounted to battery. The actions of the officers were done with malice, oppression, and fraud, with an intent to injure the decedent and in conscious disregard of the decedent's rights, justifying an award of punitive damages against the involved officers. Plaintiffs further contend the defendants violated Penal Code § 242. The plaintiffs are claiming survival damages and wrongful death damages under the battery cause of action. There is statutory liability for the battery against defendants City of San Bernardino, Officer Jonathan Plummer and Does 1-25 under Government Code §§ 815.2(a) and 820 (a). The plaintiffs are claiming that the battery caused the decedent injuries and damages before his death and also caused his death. The unjustified shooting caused the death of Shawn Lamond Watson and the resulting damages to the plaintiffs. At the time of the incident, Officer Jonathan Plummer and DOES 1-25 were acting under the color of law and under the course and scope of their employment with the City of San Bernardino.

The unconsented contact and unreasonable force included, but is not limited to, the shooting of the decednet and the use of deadly force against the decedent.

PLD-PI-001(3)

| SHORT TITLE: Watson v. City of San Bernardino, et al. | CASE NUMBER |
| --- | --- |

Second CAUSE OF ACTION—Intentional Tort Page 5

(number)

ATTACHMENT TO [X] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*: Zakyia Watson,through her Guardian Ad Litem,Crystal Christan,et al.

alleges that defendant *(name)*: City of San Bernardino, Officer Jonathan Plummer and

[X] Does 1 to 25

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff

on *(date)*: June 10, 2007

at *(place)*: 1422 E. 9th Street, San Bernardino, California 92405

*(description of reasons for liability)*:

The plaintiffs allege that the defendants are liable for false arrest. The involved police officers intentionally and unlawfully exercised force and for the express or implied threat of force to restrain, detain, or confine the decedent. The decedent did not consent to the restraint, detention or confinement. Further, the restraint, detention of confinement caused the decedent to suffer injury, damages, loss, harm and death. The actions of the Officer Jonathan Plummer and DOES 1-25 were done with malice oppression and fraud pursuant to Civil Code of § 3294 justifying an award for punitive damages against the involved officers. Plaintiffs further allege that the defendants violated Government Code § 820.4. The defendants arrested the decedent falsely and without justification and without probable cause. There is statutory liability against the defendants under Government Code §§ 815.2 and 820 (a). The plaintiffs are claiming wrongful death damages and survival damages under this cause of action. The decedent did not commit a crime in the officers presence and there was not warrant out for the decedent's arrest.



Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev January 1, 2007]

CAUSE OF ACTION—Intentional Tort

Legal Solutions Plus

Code of Civil Procedure, § 425.12

PLD-PI-001(2)

| SHORT TITLE: Watson v. City of San Bernardino,et al. | CASE NUMBER: |
|---|---|

Third (number) **CAUSE OF ACTION—General Negligence** Page 6

ATTACHMENT TO [X] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: Zakyia Watson,through her Guardian Ad Litem,Crystal Christan,et al.

alleges that defendant *(name)*: City of San Bernardino, Officer Jonathan Plummer and

[X] Does 1 to 25

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*: June 10, 2007
at *(place)*: 1422 E. 9th Street, San Bernardino, California 92405

*(description of reasons for liability)*:
The defendants were negligent in physically dealing with the decedent, thereby causing physical and emotional injuries and the death of the decedent. The defendants Officer Jonathan Plummer and DOES 1-25 were negligent using deadly force against the decedent. The City of San Bernardino was also negligent in the hiring and training of their police officers with respect to the use of force, which resulted in the use of excessive force and improper handling of the situation by Officer Jonathan Plummer and DOES 1-25. The plaintiffs are further alleging that the defendants violated Government Code §§ 815 (a) and 820 (a). The plaintiffs are specifically claiming negligence tactics by Officer Jonathan Plummer and DOES 1-25 and the negligent use of deadly force. The plaintiffs are seeking both survival damages and wrongful death damages under this cause of action.



Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12

Legal Solutions Plus

PLD-PI-001(3)

| SHORT TITLE: WATSON v. CITY OF SAN BERNARDINO, ET AL. | CASE NUMBER |
|---|---|

FIRST (number) **CAUSE OF ACTION—Intentional Tort** CIVIL RIGHTS VIOLATIONS Page 7

ATTACHMENT TO [X] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*: Zakyia Watson, through her Guardian Ad Litem, Crystal Christan, et al,

alleges that defendant *(name)*: City of San Bernardino, Officer Jonathan Plummer and DOES

[X] Does 1 to 25

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff

on *(date)*: June 10, 2007

at *(place)*: 1422 E. 9th Street, San Bernardino, California 92405

*(description of reasons for liability)*:

Officer Johnatahn Plummer violated the Civil Rights of the Decedent and the Civil Rights of the Plaintiffs. Specifically, Officer Plummer violated the 4th Amendment of the U.S. Constitution by using excessive and unreasonable deadly force against Shawn Lamond Watson. Officer Plummer shot and killed the decedent when he was unarmed and not posing an immediate threat of death or serious bodily injury to the officer or to anyone else. Defendants conduct was malicious, wanton, oppressive, and done with a conscious disregard for the rights of Shawn Lamond Watson, entitling plaintiffs, as successors in interest to Shawn Lamond Watson, to an award of exemplary and punitive damages. The plaintiffs bring this civil rights claim pursuant to 42 USC section 1983. As a direct result of the acts and omissions of defendants, plaintiffs have suffered damages, including, without limitation, loss of the love, affection, comfort, society, support and companionship of Shawn Watson. Plaintiffs are also claiming attorney fees under 42 USC section 1988. Plaintiffs are seeking both survival and wrongful death damages under this cause of action. The defendants also violated the substantive due process clause of the Fourteenth Amendment by interfering with the plaintiffs' right to a continued familial relationship with the decedent and by denying the decedent immediate medical care after he was shot by Officer Plummer.

The Plaintiffs are further alleging that defendant City of of San Bernardino, through its police officers, had an unconstitutional custom and practice of using excessive deadly force and shooting unarmed individuals. The City of San Bernardino also continually ratified the use of excessive deadly force by their officers and had totally inadequate training with respect to the use of deadly force.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

SAN BERNARDINO CIVIL DIVISION
303 W 3RD STREET
SAN BERNARDINO, CA 92415

JUL 07 2009

CASE NO: CIVDS908369

http://www.sbcounty.gov/courts

By _______ Deputy

IN RE: WATSON, et al -V- CITY OF SAN BERNARDINO, et al

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO SHOW CAUSE
REGARDING SERVICE OF SUMMONS AND COMPLAINT

PLEASE TAKE NOTICE, that the above-entitled case has been set for a Case Management Conference and an Order to Show Cause why the case should not be dismissed for failure to serve the summons and complaint. File your Case Management Statement with the court fifteen (15) calendar days prior to the hearing. Failure to appear may result in monetary sanctions and/or dismissal of your case. THIS CASE HAS BEEN ASSIGNED TO JUDGE W ROBERT FAWKE IN DEPARTMENT S38 FOR ALL PURPOSES.

The Order to Show Cause regarding service of summons is set: 10/09/09 at 8:30 in Department S38. If proof of service of summons and complaint has been filed before that date, no appearance is required at the time of the Order to Show Cause hearing. The Case Management Conference is set: 01/08/10 at 8:30 in Department S38. — Cal

TO THE PARTY SERVED: The setting of these dates DOES NOT increase the time you have to respond to the complaint. The time for response is clearly stated on the Summons.

A COPY OF THIS NOTICE MUST BE SERVED ON ALL DEFENDANTS

Tressa S. Kentner, Clerk of the Court

Date: By:

---

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above listed notice by:

( ) Enclosed in an envelope mailed to the interested party addressed above, for collection and mailing this date, following ordinary business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter.
( ) A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file stamped documents.

DATE OF MAILING: JUL 07 2009
I declare under penalty of perjury that the foregoing is true and correct. Executed on JUL 07 2009 at San Bernardino, CA By: LISA M. TAYLOR

# EXHIBIT B

Joseph Arias, SBN 47399
James Brooks, SBN 256381
Arias & Lockwood
225 W. Hospitality Lane, Suite 314
San Bernardino, CA 92408
Phone: (909) 890-0125
Fax: (909) 890-0185

Attorneys for defendants City of San Bernardino and Officer Jonathan Plummer (erroneously sued as Officer Johnathan Plummer)

EXEMPT FROM FEES PER GOVT. CODE SEC. 6103

ARIAS & LOCKWOOD
225 W. Hospitality Lane, Suite 314
San Bernardino, CA 92408

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN BERNARDINO**

ZAKYIA WATSON through her Guardian Ad Litem Crystal Christman, SHERMAN WATSON, Individually and as representative of the estate of SHAWN LAMOND WATSON, CATHERINE THOMPSON, Individually and as representative of SHAWN LAMOND WATSON

Plaintiffs

v.

CITY OF SAN BERNARDINO, OFFICER JONATHAN PLUMMER and DOES 1 TO 25,

Defendants.

CASE NO. CIVDS908369

**ANSWER TO COMPLAINT**

City of San Bernardino (City) and Officer Jonathan Plummer (erroneously sued as Officer Johnathan Plummer) answer the Judicial Council of California Form Complaint as follows:

Paragraph 1. Defendants admit plaintiffs have made the allegations contained in their complaint. Defendants deny the truth of their allegations.

Paragraph 2. Defendants do not respond to this paragraph because no factual allegations are made therein.

Paragraph 3. Defendants admit each plaintiff is a competent adult except Zaykia Watson. Defendants admit Zaykia Watson is a minor for whom a guardian ad litem has been appointed.

Paragraph 4. Defendants do not respond to this paragraph because no factual allegations are made therein.

Paragraph 5. Defendants admit City of San Bernardino is a public entity.

Paragraph 6. Defendants are without knowledge or information sufficient to enable them to form a belief as to the truth of plaintiffs' allegations as to the fictitiously identified defendants 1 through 15.

Paragraph 7. Defendants are without knowledge or information sufficient to enable them to form a belief as to the truth of plaintiffs' allegations as to fictitiously identified defendants 16 through 25.

Paragraph 8. Defendants admit this court is the proper court because the principal place of business of defendant public entity is in, and the alleged injury occurred, in its jurisdictional area.

Paragraph 9. Defendants admit plaintiffs have complied with the applicable claims statutes in respect to the State law-based claims.

Paragraph 10. Defendants admit plaintiffs have attached a document that alleges general negligence, intentional tort and civil rights violations.

Paragraph 11. Defendants are without knowledge or information sufficient to enable them to form a belief as to the truth of the plaintiffs' allegations that they suffered wage loss, hospital and medical expenses and or loss of earning capacity as a result of the actions placed in issue by their complaint. Defendants deny that plaintiffs are entitled to wrongful death and/or survival damages under California's statutes, or that they are entitled to other losses, including loss of financial support, funeral and burial expenses and attorney's fees.

Paragraph 12. Defendants are without knowledge or information sufficient to enable them to form a belief as to the truth of the plaintiffs' allegations concerning their

relationships.

Paragraph 13. Defendants admit the relief sought in this complaint is within the jurisdiction of this Court.

Paragraph 14. Defendants admit plaintiffs pray for judgment for costs of suit, compensatory damages, punitive damages and other damages according to proof. Defendants deny plaintiffs are entitled thereto.

Answer to First Attachment to Complaint/First Cause of Action -- Intentional Tort.

Defendants deny their conduct was the proximate cause of plaintiffs' damages, if any. Defendants deny officer Plummer committed a battery on decedent, Shawn Watson. Defendants deny they violated the civil rights of plaintiffs' decedent by using excessive force or at all. Defendants deny their conduct was malicious, wanton, oppressive or accompanied by a conscious disregard for the rights of the decedent. Defendants deny officer Plummer violated Penal Code § 242. Defendants deny statutory liability under Government Code §§ 815.2(a) and 820(a). Defendants deny the alleged battery caused decedent any injury or damages before his death. Defendants deny the shooting of decedent was unjustified. Defendants admit at the time of the incident Officer Plummer was acting within the course and scope of his employment with City. Defendants admit plaintiffs seek wrongful death and survival damages under the battery cause of action, but deny plaintiffs are entitled thereto.

Answer to Second Attachment to Complaint/Second Cause of Action -- Intentional Tort.

Defendants deny they are liable for false arrest. Defendants deny their conduct was the proximate cause of plaintiffs' damages, if any. Defendants deny they violated the civil rights of the decedent by using excessive force or implied threat of force to restrain, detain, or confine the him. Defendants deny decedent did not consent to the restraint, detention or confinement. In any event defendants deny consent was necessary under the circumstances

of the incident. Defendants deny their conduct was malicious, wanton, oppressive or accompanied by a conscious disregard for the rights of their decedent. Defendants deny plaintiff's are entitled to punitive damages. Defendants deny they violated Government Code § 820.4. Defendants deny they arrested decedent falsely and without justification and without probable cause. Defendants deny statutory liability under Government Code §§ 815.2(a) and 820(a). Defendants admit plaintiffs seek wrongful death and survival damages, but deny plaintiffs are entitled thereto. Defendants deny decedent did not commit a crime in the officers' presence. Defendants deny there was no warrant out for decedent's arrest.

Answer to Third Attachment to Complaint/Third Cause of Action -- General Negligence.

Defendants deny they were negligent. Defendants deny officer Plummer was negligent in using deadly force. Defendant City denies it was negligent in the hiring and training of its police officers. Defendants deny violating Government Code §§ 815.2(a) and 820(a). Defendants admit plaintiffs seek wrongful death and survival damages, but deny plaintiffs are entitled thereto.

Answer to Fourth Attachment to Complaint/Fourth (erroneously labeled "First") Cause of Action -- Intentional Tort.

Defendants deny their conduct was the proximate cause of plaintiffs' damages, if any. Defendants deny they violated the civil rights of plaintiffs' decedent by using excessive force or at all. Defendants deny the plaintiffs' decedent was unarmed at the time of the events alleged in their complaint, or that their conduct was malicious, wanton, oppressive or accompanied by a conscious disregard for the rights of their decedent. Defendants deny plaintiffs suffered damages, including but not limited to, loss of the love, affection, comfort, society, support and companionship of their decedent. Defendants deny they violated the substantive due process clause of the 14th amendment by interfering with

the plaintiffs' right to a continued familial relationship with their decedent or by denying their decedent immediate medical care following the events alleged in their complaint. Defendants deny City had an unconstitutional custom and practice of using or condoning unlawful deadly force by shooting unarmed individuals, or otherwise. Finally, defendants deny they ratified the use of excessive force and that their officers were inadequately trained in respect to the use of deadly force. Defendants admit plaintiffs seek punitive , wrongful death and survival damages, but deny plaintiffs are entitled thereto.

Affirmative Defenses

1. [Qualified Immunity] The individual defendants, and each of them, are entitled to qualified immunity because at the time of the events alleged in the complaint the applicable law was unsettled or, alternatively, the individual defendants, being reasonable public servants, acted reasonably under the circumstances.

2. [Self-Defense] The defendants' actions were undertaken in self-defense.

3. [Contributory Negligence] The plaintiffs' decedent was negligent and careless in the matters leading to defendant officer's use of deadly force and such negligence and carelessness proximately caused his own injuries and death.

4. [Assumption of the Risk] Plaintiffs' decedent knowingly assumed the risk of serious injury including death, by committing a felony, then by fleeing from the police who lawfully sought to arrest him, and then by using deadly force upon the officers, to wit: brandishing a gun at the arresting officers with intent to kill them. Decedent knew, or should have known, that by brandishing a gun at a police officer, he could face deadly force and suffer great bodily injury if not death.

5. [Invited Injury] By committing an assault upon the officers who sought to lawfully arrest him, including attempting to kill them, decedent legally invited the use of deadly force upon himself.

//

//

Wherefore, defendants pray as follows:

1. For a judgment in their favor and an order from this court declaring that plaintiffs shall recover nothing by their complaint;

2. For a declaration by this court that this action is frivolous;

3. For reasonable attorney fees;

4. For costs of suit;

5. For such other and further relief as this court deems proper under the circumstances.

DATED: September 24, 2009

Arias & Lockwood

Joseph Arias
James Brooks
Attorneys for Defendants City of San Bernardino and Officer Jonathan Plummer

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

I am employed in the County of San Bernardino, State of California. I am over the age of 18 and not a party to the within action. My business address is 225 West Hospitality Lane, Suite 314, San Bernardino, California 92408.

On September 29, 2009, I served the following document described as **ANSWER TO COMPLAINT** on all interested parties in this action by placing [X] a true copy of the original thereof enclosed in sealed envelopes addressed as follows:

Dale K. Galipo
Law Offices of Dale K. Galipo
21800 Burbank Boulevard, Ste. 310
Woodland Hills, CA 91367
Tel: 818-347-3333
Fax: 818-347-4118

[ X ] (BY MAIL, 1013a, 2015.5 C.C.P.)

[ ] (BY FACSIMILE) The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a record of the transmission. I transmitted a copy of the foregoing documents this date via telecopier to the facsimile numbers shown above.

[ ] I deposited such envelope in the mail at San Bernardino, California. The envelope was mailed with postage thereon fully prepaid.

[ X ] I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at San Bernardino, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] By PERSONAL/HAND DELIVERY: I caused such envelope to be delivered by hand to the addressee(s).

[ ] By FEDERAL EXPRESS: I caused such envelope to be delivered by Federal Express to the addressee(s).

[ (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

[x] (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 29, 2009 at San Bernardino, California.

Naia Ignacio

ARIAS & LOCKWOOD
225 W. Hospitality Lane, Suite 314
San Bernardino, CA 92408

# EXHIBIT C

(CITA JUDICIAL)

FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
City of San Bernardino, Officer Johnathan Plummer and DOES 1 - 25

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
JUL 08 2009
By [signature] Deputy

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
Zakyia Watson, through her Guardian Ad Litem Crystal Christman, Sherman Watson, Individually and as representative of the estate of Shawn Lamond Watson, Catherine Thompson, Individually and as representative of Shawn Lamond Watson

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

By Fa

CASE NUMBER: (Número del Caso): CIVDS 908369

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Bernardino Superior Court
303 West Third Street

San Bernardino, California 92415
Central Court

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dale K. Galipo, Esq., SBN 144074 (818) 347-3333 (818) 347-4118
Law Offices of Dale K. Galipo
21800 Burbank Blvd., Ste. 310
Woodland Hills, California 91367

DATE: *(Fecha)* JUL 08 2009 Clerk, by *(Secretario)* LISA M. TAYLOR, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] COPY

NOTICE TO THE PERSON SERVED: You are served
1. as an individual defendant.
2. as the person sued under the fictitious name of *(specify)*:

3. on behalf of *(specify)*:

under: CCP 416.10 (corporation) CCP 416.60 (minor)
CCP 416.20 (defunct corporation) CCP 416.70 (conservatee)
CCP 416.40 (association or partnership) CCP 416.90 (authorized person)
other *(specify)*:

4. by personal delivery on *(date)*:

Page 1 of 1

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

I am employed in the County of San Bernardino, State of California. I am over the age of 18 and not a party to the within action. My business address is 225 West Hospitality Lane, Suite 314, San Bernardino, California 92408.

On September 29, 2009, I served the following document described as **NOTICE OF REMOVAL OF ACTION UNDER 28 USC SECTION 1441(b) (FEDERAL QUESTION)** on all interested parties in this action by placing [X] a true copy of the original thereof enclosed in sealed envelopes addressed as follows:

Dale K. Galipo
Law Offices of Dale K. Galipo
21800 Burbank Boulevard, Ste. 310
Woodland Hills, CA 91367
Tel: 818-347-3333
Fax: 818-347-4118

[ X ] (BY MAIL, 1013a, 2015.5 C.C.P.)

[ ] (BY FACSIMILE) The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a record of the transmission. I transmitted a copy of the foregoing documents this date via telecopier to the facsimile numbers shown above.

[ ] I deposited such envelope in the mail at San Bernardino, California. The envelope was mailed with postage thereon fully prepaid.

[ X ] I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at San Bernardino, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] By PERSONAL/HAND DELIVERY: I caused such envelope to be delivered by hand to the addressee(s).

[ ] By FEDERAL EXPRESS: I caused such envelope to be delivered by Federal Express to the addressee(s).

[X ] (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

[X] (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 29, 2009 at San Bernardino, California.

Naia Ignacio

ARIAS & LOCKWOOD
225 W. Hospitality Lane, Suite 314
San Bernardino, CA 92408